-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PHELICIA PRUITT, 99G0164,

        Petitioner,

        -v-

ADA PEREZ and
THE ATTORNEY GENERAL OF NEW YORK,

        Respondent.

05-CV-6352Fe

MEMORANDUM and ORDER

---

    Petitioner *pro se* filed a document on August 23, 2005, which was interpreted by the Court as a motion for a stay of habeas proceedings to allow her to return to State Court to exhaust certain grounds by way of a 440 motion (Docket # 5). By Order dated September 2, 2005 (Docket # 6) petitioner was directed to file an amended petition, using the form provided by the Court, indicating what were her exhausted claims and also what claims she has returned to State Court to exhaust. Petitioner was also informed that she must demonstrate good cause for her failure to exhaust her unexhausted claim or claims in State Court, and demonstrate that her unexhausted claims have potential merit as grounds for federal habeas relief.

    Plaintiff responded with a pre-printed "Petitioner's § 2254 Unexhausted Claims Response Form" wherein she listed in the section for grounds that have not been exhausted: "1. 440 Motion-Ineffective Assistance of Counsel, 2. Your conviction was obtain [sic] in violation of your constitutional rights, 3. (f) any trial testimony and evidence

such as documents, photographs, reports". Petitioner then checked "Option Two", which indicates that petitioner chooses to withdraw the entire petition to permit time to exhaust all of the claims.

The Court is skeptical that petitioner *pro se* really intends to withdraw the petition, rather than seek a stay of proceedings while she exhausts unexhausted matters in State Court. This is primarily because plaintiff's one-year period of time to seek habeas relief in Federal Court appears to have begun on or about September 12, 2004, when her time to file a petition for certiorari in the United States Supreme Court expired. The petition does not indicate that any collateral attacks, by way of 440 motion or otherwise, had been filed prior to the filing of the instant habeas corpus petition on July 6, 2005. Such collateral attacks would be the only way to toll the one-year period in which to file a habeas petition in Federal Court. Therefore, should petitioner withdraw her current petition with the intention of re-filing in Federal Court immediately when she has finished exhausting her claims in the State Courts, she could have time remaining in her one-year period, but it would be perilously close. Nonetheless, unless petitioner informs the Court by **November 8, 2005** that she intends some other course of action, she will be allowed to withdraw her petition, without prejudice to her ability to file another petition if she still has time left in the one-year statute of limitations.

If, however, petitioner merely had incorrect forms which caused her confusion and wishes to file an amended petition as directed in the September 2, 2005 Order, she may do so by **November 8, 2005.** The Clerk of the Court is directed to send petitioner a copy

2

of the forms for filing a petition pursuant to § 2254, and the instructions therefor, with a copy of this Order.

SO ORDERED.

DATED:   Buffalo, New York
            October 7, 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE

3