FILED
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

2005 NO 17 AM 9: 29

-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PHELICIA PRUITT, 99G0164,

        Petitioner,

        -v-

ADA PEREZ et al.

        Respondents.

DECISION AND ORDER
05-CV-6352Fe

---

    The Court will not repeat the procedural history of this case; familiarity with previous Orders is assumed. The Court has attempted to address the respondent's request for a more definite statement, which would allow for a clear response, and to address petitioner's request for a stay to allow her to exhaust unexhausted grounds by way of a CPLR 440 Motion. Despite several attempts to ascertain clearly the grounds on which petitioner wishes to proceed, which have apparently included the Court sending the wrong forms to petitioner and resulting in her increased confusion, the petitioner has not managed to file completely unambiguous responses.

    In the interests of expediency, the Court assumes that the exhausted grounds petitioner relies on are those that were presented to the state appeal courts: 1)The trial court erred when it allowed the prosecutor to offer rebuttal testimony by investigator Thomas Janus that Ms. Pruitt had claimed that she did not know how she had hurt her hand, 2) The verdict was against the weight of the evidence, 3) the court erred in denying

Ms. Pruitt's motion to suppress the statement allegedly obtained by police officers, 4) Ms. Pruitt's sentence was harsh and excessive. Further, the Court assumes that the unexhausted claims petitioner wishes to present to state court for exhaustion are "(A) Defendant did not present ruling made which were improper in the conduct of the prosecutor's charge, (B) Through Defendants research after being incarcerated I've discovered that through good faith but honest errors may not support conviction, (C) Errors by trial defense counsel."

If this is correct, this Court will exercise its discretion to stay proceedings with respect to petitioner's exhausted claims, and to dismiss without prejudice her unexhausted claims. If petitioner presents the unexhausted claims to the appropriate state courts and returns to this Court **within the time limits set forth below**, she will be permitted to amend her petition to reinstate the claims and such amendment may, depending on the claims, relate back to the date of the original petition. *See Zarvela*, 254 F.3d at 381-382.

This stay is conditioned on petitioner's **filing** her state court action to exhaust her unexhausted claims within **30 days**, and her return to the district court **within 30 days** of the **completion** of the effort to exhaust. If either condition of the stay is not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed if it is not still timely. *See id.* Accordingly,

IT HEREBY IS ORDERED, that to the extent petitioner's claims in her petition are unexhausted, the claims are dismissed without prejudice subject to the condition that

2

petitioner initiate efforts to exhaust these claims within 30 days of the filing of this order and that petitioner return to this Court within 30 days of the completion of the effort to exhaust;

FURTHER, that this petition is stayed pending petitioner's exhaustion of the dismissed claims.

SO ORDERED.

Dated:     Nov. 16, 2005    , 2005
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge

3